IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY WILLIAMS,

        Plaintiff,                          :          Case No. 3:06-cv-229

                                                District Judge Walter Herbert Rice
    -vs-                                      Chief Magistrate Judge Michael R. Merz
                                                :

GENE FISCHER, et al.,

        Defendants.

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT WADE DAY; DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN OPPOSITION TO LEAVE GRANTED TO FILE MEDICAL RECORDS UNDER SEAL**

---

**Motion for Summary Judgment**

      This case is before the Court on Plaintiff's Motion for Summary Judgment against Defendant Wade Day (Doc. No. 41).  The gist of the Motion is that Defendant Wade Day is in default for failure to respond in a timely manner to the Complaint.

      Service of process was made in this case by the United States Marshal pursuant to instructions given to the Marshal by Plaintiff on the standard Marshal Form USMS-285.  As to Defendant Wade Day, the Marshal was instructed to make service on him at his place of employment, the Greene County Adult Detention Center, 2295 Greeneway Drive, Xenia, Ohio. The Deputy Marshal who received the process made a return showing he personally served the process by leaving it with Sergeant Matt Walters at that address on September 25, 2006 (See Doc. No. 15). No appearance was made on behalf of Defendant Day until attorney Angela Hayden appeared on his behalf on December 29, 2006 (Doc. No. 34).  On the same date, attorney Hayden filed a Motion

to Dismiss on Defendant Day's behalf (Doc. No. 35).

In order to be entitled to default judgment, a plaintiff must prove that a defendant has been properly served with process and that the time allowed for responding to the complaint has expired. Plaintiff has not satisfied that burden because Defendant Day was not properly served with process. Under Fed. R. Civ. P. 4, service on an individual may be made in a number of different ways, but those methods do not include leaving it at his workplace with some other person, which is what happened here. Defendant Day has now waived any defect in service of process by filing a Motion to Dismiss which does not complain of the defect. See Fed. R. Civ. P. 12(h). However, Plaintiff is not entitled to default judgment when he cannot show proper service of process. It is therefore respectfully recommended that his Motion for Summary Judgment be denied.

## Motion in Opposition

The case is also before the Court on Plaintiff's Motion in Opposition for Leave to File Summary Judgment and Medical Records of Defendant (Doc. No. 42). This Motion opposes the request of Defendants other than Defendant Day to file their Motion for Summary Judgment under seal (Doc. No. 40).

The stated reason for filing under seal was to protect Plaintiff's privacy interest in his medical records. Plaintiff's opposition does not focus on the privacy question; he does not seem to oppose keeping his medical records private. Instead, he notes that at the scheduling conference on November 28, 2006, all parties agreed to a thirty-day deadline for those motions. Plaintiff is correct about the agreement, but when the Court entered the Scheduling Order (Doc. No. 23), it expressly extended that time slightly and set the date of January 5, 2007, in light of the fact that December 28th is in the middle of the Christmas holidays. The moving Defendants abided by the Court's deadline

and Plaintiff made no objection to the date of January 5, 2007, at the time the Scheduling Order was entered.

Plaintiff's Motion objecting the filing of Defendants' Summary Judgment Motion is denied.

January 11, 2007.

                 s/ Michael R. Merz
               Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).