# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY WILLIAMS,

        Plaintiff,        :        Case No. 3:06-cv-229

                                        District Judge Walter Herbert Rice
    -vs-                                Chief Magistrate Judge Michael R. Merz

                              :

GENE FISCHER, et al.,

        Defendants.

---

**REPORTS AND RECOMMENDATIONS ON DEFENDANTS' SUMMARY JUDGMENT MOTION**

---

This case is before the Court on Motion of all Defendants other than Wade Day for Summary Judgment (Doc. No. 40). The Motion was filed and served January 5, 2007. On January 29, 2007, the Court extended Plaintiff's time to respond to and including February 15, 2007 (Doc. Nos. 45, 46). On February 15, 2007, the Court again extended Plaintiff's time to respond, this time to March 19, 2007 (Doc. Nos. 49, 50). However, the extended time for response has now expired and Plaintiff has filed no response.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn

therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* issue of *material* fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

  Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law.  Fed. R. Civ. P. 50).  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate.  *Id*.  The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996).  "On summary judgment," moreover, "the inferences to be drawn from the underlying

facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323;  *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted).  If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990).  Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

The facts set forth in this Report are admitted or established by evidence competent under Fed. R. Civ. P. 56(e) and not controverted by opposing competent evidence.

**Analysis**

Plaintiff brought this suit as an inmate at the Greene County Jail. Each of the moving Defendants – Sheriff Gene Fischer, Captain Robert Walton, Major Anthony Pettiford, Captain Doreen Goodman, and Deputy Brian Seifert (collectively, the "Moving Defendants") – has interacted with Plaintiff only in their capacities as Greene County officials working at the Jail.

Plaintiff has not specified that he is suing any of the Moving Defendants in his or her individual capacity. Under controlling Sixth Circuit precedent, then, the Court is to interpret the Complaint as suing these persons in their official capacities only. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). Since all the Moving Defendants are Greene County officials, the suit amounts to one against Greene County.

Municipalities and other bodies of local government are "persons" within the meaning of §1983 and may therefore be sued directly if they are alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To recover, a plaintiff must identify the policy, connect the policy to the political subdivision itself, and show that the particular injury was incurred because of the execution of that policy. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 405, 116 S. Ct. 1382, 1389 (1997); *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993). There must be a direct causal link between the policy and the alleged constitutional violation such that the governmental entity's deliberate conduct can be deemed the moving force behind the constitutional violation. *Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004), citing *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)(citing *Board of County Comm'r of*

*Bryan County, Okl., v. Brown,* 520 U.S. 397, 404, 116 S. Ct. 1382, 1388 (1997)).

Plaintiff's claims in this case do not allege any unconstitutional policy, custom, or practice of Greene County. Indeed, in response to the Summary Judgment Motion, he has submitted no evidence whatsoever which would suggest he has been subjected to deprivation of any constitutional rights by any act of any of the Defendants.

It is accordingly respectfully recommended that the Motion for Summary Judgment be granted and all claims against Greene County, made by suing the Moving Defendants in their official capacities, be dismissed with prejudice.

April 3, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).